# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| John Thompson | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 19-CV-00483-MSM-PAS |
| City of Pawtucket, et al | ) |
| Defendants | ) |

## ORDER

*Pro se* Plaintiff John Thompson filed a six-count complaint[1] on September 18, 2019 against the City of Pawtucket and Ronald Travers in his official capacity as the City's Zoning Director. Mr. Thompson alleged violations of the Fifth and Fourteenth Amendments to the United States Constitution as well as of various provisions of the United States Code. (ECF No. 1). The defendants moved to dismiss the complaint pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 6). In response to the defendants' motion to dismiss, the plaintiff filed a Response in Opposition to the Motion to Dismiss (ECF No. 9) and a Motion for Summary Judgment (ECF No. 10).[2] Finally, Defendants filed a Motion to Strike Plaintiff's Motion for Summary Judgment, or in the Alternative to Extend Defendants' Response Time. (ECF No. 12).

For the reasons set forth below, the Defendants' Motion to Dismiss is granted.

---

[1] Although the plaintiff's pleading is less than clear, he sets forth six claims titled "cause of action" which the court treats as separate counts.

[2] ECF No. 9 and ECF No. 10 are identical documents. For that reason, they will be considered by this Court as a single objection to the Defendants' Motion to Dismiss.

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P.* 8(a) (2). To survive a motion to dismiss under Rule 12(b)(6), the Plaintiff need not present detailed factual allegations, however, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The First Circuit applies a two-step analysis to determine whether a complaint meets this plausibility standard. *See A.G. v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013).* Factual allegations are separated from legal conclusions and accepted as true. Any conclusory legal allegations need not be credited. *Id.* "The court then must determine whether the 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Morales-Cruz v. Univ. of P.R.,* 676 F.3d 220, 224 (1st. Cir. 2012) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Courts "are solicitous of the obstacles that pro se litigants face, and while such litigants are not exempt from procedural rules," courts hold pleadings in such cases to less stringent standards than those drafted by attorneys. *Dutil v. Murphy,* 550 F.3d 154, 158 (1st. Cir. 2008). However, even *pro se* complainants must meet the standards of Fed. R. Civ. P. 8(a)(2). *See Dutil, 550* F.3d, at 158.

Mr. Thompson's complaint alleges violations of the Fifth and Fourteenth Amendments as well as violations of 18 U.S.C. §§ 472, 1961, 1962; 22 U.S.C. § 288(a)(c); and 28 U.S.C. § 1609. The gravamen of his complaint is that the defendants, the City of Pawtucket and its zoning director, having apparently seized a 2000 Cadillac Deville, violated his constitutional rights as well as the above-referenced statutes. It is impossible to ascertain, from the plaintiff's filings, any specific factual allegations that would support his claims. The complaint fails to allege facts

that, if true, assert a cognizable claim. Instead, it relies on a rambling narrative that seems to be contesting any authority defendants may have had to take the unspecified action with respect to the 2000 Cadillac Deville. (ECF No 1).

The complaint in this case is devoid of any factual allegations indicating an alleged deprivation of Plaintiff's rights or violation of the law. It is replete with conclusory claims that are not cognizable causes of action. The allegations are too vague and conclusory to state a claim against the defendants that they could understand and to which they could reasonably be expected to provide an answer. Defendants cannot be required to answer a complaint that does not "at least set forth minimal facts as to who did what to whom, when, where, and why." *Educadores Puertorriqueos En Accion v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004). Accordingly, the complaint is dismissed.

The Plaintiff also filed a motion styled as a Motion for Summary Judgment that does not appear to meet the criteria of Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 10). However, since defendants' Motion to Dismiss is granted, that motion is denied as moot.

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge
12/16/2019